IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JO A. STAINSBY, LEKENYA ANTWINE, and CATINA BAKER,  Plaintiffs,  v.  THE SATE OF OKLAHOMA, ex rel. THE OKLAHOMA HEALTH CARE AUTHORITY,  Defendant. | Case No. CIV-21-1073-D |

## ORDER

Before the Court is Plaintiffs' Motion to Compel Discovery [Doc. No. 18] seeking supplemental responses to certain interrogatories and requests for production of documents. Defendant has responded in opposition [Doc. No. 20] and Plaintiffs have replied [Doc. No. 21].

### BACKGROUND

This is an employment discrimination case where Plaintiffs contend they were terminated from their respective positions at the Oklahoma Health Care Authority in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101, *et seq*. Defendant denies that it engaged in any discriminatory employment practice and, in responding to Plaintiffs' allegations before the EEOC, claimed that Plaintiffs were terminated following conduct issues or complaints. In support of this claim, Defendant submitted a position statement to

the EEOC that included statistical information about the demographic makeup of its employees.

Plaintiffs propounded discovery requests to Defendant seeking more detailed information pertaining to the individual employees that comprise these statistics. Defendant produced some of the requested information – such as the name, date of hire, date of birth, job title, and compensation of each individual employee – but objected to Plaintiffs' Request for Production No. 23. The permissibility of this document request is the only issue that remains for resolution.[1]

## STANDARD

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." The considerations that bear on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

---

[1] Plaintiffs' motion to compel also requested that Defendant verify its interrogatory responses, identify whether it is withholding any documents on the basis of its objections, and provide supplemental responses to several document requests. Prior to the filing of any response from Defendant, Plaintiff submitted a "Correction to Plaintiffs' Motion to Compel" [Doc. No. 19] indicating that some of the requested information was now in Plaintiffs' possession and certain issues were therefore moot. Defendant subsequently filed its Response brief, which indicated that some of the information sought by Plaintiffs' motion was produced prior to the filing of the motion and that responses produced subsequent to the filing of the motion have resolved all outstanding issues, with the exception of Request No. 23. Plaintiffs filed a reply brief confirming that all of the issues raised in their motion to compel – bar one – have been resolved. Given this procedural history, it is apparent that court intervention was unnecessary with respect to the vast majority of the issues raised in Plaintiffs' motion to compel.

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. Thus, relevance for purposes of discovery remains broader than relevance for purposes of trial admissibility. Discovery is not, however, intended to be a "fishing expedition." *McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. July 22, 2002) (unpublished). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotation marks omitted). When the request is overly broad, or relevance is not clear, the party seeking the discovery has the burden to show the relevance of the request. *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

## DISCUSSION

Plaintiffs' Request for Production No. 23 states:

> For each person who is part of the statistics set out in Defendant's Position Statement, Part II, p. 1-2 regarding each Plaintiff, produce all performance, disciplinary, and counseling records, including records of any complaints, behavior/conduct infractions, performance transgressions for each person.

Defendant contends that the request is overly broad and not proportionate to the needs of the case because it seeks the disciplinary records for each of its 500+ employees without regard to whether they are appropriate comparators to Plaintiffs.

Under the legal framework that governs Title VII discrimination claims, employment documents showing that certain employees were treated differently than Plaintiffs are plainly relevant to the claims. *See McDonnell Douglas Corp. v. Green*, 411

3

U.S. 792, 802-03 (1973). Indeed, the qualifications and job performance of employees who were hired, promoted, or retained in discriminatory preference to Plaintiffs "is at the heart of this controversy." *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980). But a title VII plaintiff cannot show discrimination by comparing their treatment to just anyone. Rather, to demonstrate disparate treatment, a plaintiff must show "that he was treated differently from other similarly-situated, nonprotected employees who violated work rules of comparable seriousness." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000). *See also Dewitt v. Sw. Bell Tel. Co.,* 845 F.3d 1299, 1311 (10th Cir. 2017) ("Moreover, showing disparate treatment - by demonstrating that the employer treated employees similarly situated to the plaintiff employee differently (i.e., more favorably) - is a particularly potent instrument to discredit an employer's allegedly legitimate reasons."); *Luster v. Vilsack*, 667 F.3d 1089, 1095 (10th Cir. 2011) ("One method by which a plaintiff can demonstrate an inference of discrimination is to show that the employer treated similarly situated employees more favorably.").

Because discriminatory treatment of a plaintiff is shown through comparison to similarly situated employees, it follows that the disciplinary records of employees who are *not* similarly situated are not relevant to the claims. Accordingly, to the extent Request No. 23 seeks the disciplinary records of each and every person encompassed in Defendant's demographic statistics – including those who are plainly not similarly situated to Plaintiffs – it is overly broad. Defendant is, however, required to produce the disciplinary records of

employees that are similarly situated to each of the Plaintiffs.[2] Defendant, for its part, does not genuinely dispute that the disciplinary records of similarly situated employees are relevant to the claims. *See* Def.'s Br. at 10.

      Plaintiffs argue that narrowing their request in this manner is improper because they are not required to prove substantial similarity amongst employees merely to obtain discovery. While the Court agrees that a broad inquiry into employee disciplinary records must be permitted so that Plaintiffs may identify appropriate comparators, there are still some employees who are plainly outside the scope of this inquiry. At minimum, a similarly situated employee is one that "deals with the same supervisor and is subject to the same standards governing performance evaluation and discipline." *Kendrick,* 220 F.3d at 1232 (internal quotation marks omitted). These objective characteristics can be used to narrow the request to appropriate employees while still affording Plaintiffs the ability to discover employees who, based on their history of conduct infractions, performance reviews, or other pertinent qualities, are substantially similar to Plaintiffs. *See Mestas v. Town of Evansville,* No. 17-CV-017-F, 2017 WL 6551288, at *4 (D. Wyo. July 21, 2017) (denying plaintiff's request for personnel files of five coworkers because Plaintiff had not shown the files were relevant); *Rubinow v. Ingelheim,* No. CIVA 3:08-CV-1697VLB, 2010 WL 1882320, at *5 (D. Conn. May 10, 2010) (holding that "…discovery in disparate treatment cases brought by a single employee such as this one is limited to information regarding employees who are similarly situated to the Plaintiff."); *Clarke v. Mellon Bank, N.A.*, No.

---

[2] Employee disciplinary records often contain sensitive personal information and they are subject to the Protective Order [Doc. No. 17] previously entered in this case.

CIV. A. 92-CV-4823, 1993 WL 170950, at *5 (E.D. Pa. May 11, 1993) (holding that defendant may limit response to interrogatory seeking general information about workforce "to similarly situated employees discharged, transferred or reassigned to another position."); *Suggs v. Cap. Cities/ABC, Inc.*, 122 F.R.D. 430, 431 (S.D.N.Y. 1988) (holding that plaintiff who alleged that her employer denied her a promotion to the position of field producer because of her race, was not entitled to discovery regarding employees in other positions). Narrowing the request to similarly situated employees also resolves Defendant's concerns about the burden and expense of combing through the personnel files for each and every employee.

## CONCLUSION

As detailed above, Plaintiffs' Motion to Compel Discovery [Doc. Nos. 18, 19] is GRANTED in part. Defendant is ordered to produce documents responsive to Plaintiffs' Request for Production No. 23 for those employees who dealt with the same supervisor and were subject to the same standards governing performance evaluation and discipline. Because the parties assert that the other issues raised in Plaintiffs' motion have been resolved, the remainder of Plaintiff's Motion to Compel Discovery is DENIED as moot.

**IT IS SO ORDERED** this 31st day of May, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge