## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JO A. STAINSBY,<br>LEKENYA ANTWINE, and<br>CATINA BAKER, | ) )<br>)<br>) | |
| Plaintiffs, | )<br>) ) | |
| v. | )<br>) | Case No.  CIV-21-1073-D |
| THE SATE OF OKLAHOMA, ex rel.  THE<br>OKLAHOMA HEALTH CARE<br>AUTHORITY, | )<br>)<br>)<br>)<br>) | |
| Defendant. | | |

## ORDER

Before the Court is Plaintiffs' Second Motion to Compel Discovery [Doc. No. 29], seeking to compel responses to four requests for production. Defendant has responded in opposition [Doc. No. 20] and Plaintiffs have replied [Doc. No. 21].

## BACKGROUND

This is an employment discrimination case where Plaintiffs contend they were terminated from their respective positions at the Oklahoma Health Care Authority in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101, *et seq*. In responding to these claims before the Equal Employment Opportunity Commission, Defendant produced statistical information about the demographic makeup of its employees. In response to a discovery request, Defendant also identified the name, date of hire, date of birth, ethnicity, sex, termination date, reason for termination, job title, and compensation of each individual

1

employee underlying the statistics. Defendant objected, however, to Plaintiffs' request to produce the performance and disciplinary records of all the persons that were included in the statistics. Plaintiffs moved to compel production of this information and argued that the information was necessary to show that similarly situated employees were treated differently. The Court granted Plaintiff's motion to compel in part, and ordered Defendant to produce the performance and disciplinary records of similarly situated employees, i.e. those employees who dealt with the same supervisor as Plaintiffs and were subject to the same standards governing performance evaluation and discipline.

Plaintiffs now seek to compel responses to four requests for production that seek employment records for specific groups of employees.

## STANDARD

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." The considerations that bear on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. Thus, relevance for purposes of discovery remains broader than relevance for purposes of trial admissibility. Discovery is not, however, intended to be a "fishing expedition." *McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. July 22, 2002) (unpublished). "[B]road discovery

is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotation marks omitted). When the request is overly broad, or relevance is not clear, the party seeking the discovery has the burden to show the relevance of the request. *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

## DISCUSSION

Plaintiffs first seek to compel a response to Request for Production No. 29, which states:

> For each of the persons listed hereafter, separately produce the documents materially showing each such person's last three performance appraisal, the name and title of that persons's [sic] supervisor, the documents showing the reasons for termination, retirement or separation of each, the documents showing who made the decision regarding the termination, retirement or separation of each, all emails, memos or other communications which materially discuss, recommend or propose the termination, retirement or separation of each.

The persons identified as being relevant to the request are employees who were terminated or resigned within thirty days of Plaintiffs' separation date. Plaintiffs assert that the purpose of this request is not to identify similarly situated employees, but to evaluate Defendant's claim that it was engaged in a reorganization of its business and discern whether Defendant was engaging in a companywide pattern of discrimination. Defendant argues that the request runs afoul of the Court's previous discovery order and is not proportional to the needs of the case given the demographic information that has already been produced.

Evidence that an employer engaged in a pattern of discriminatory behavior is relevant to whether an employer's proffered explanation for its adverse employment

decision was pretextual. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804–05 (1973) ("Other evidence that may be relevant to any showing of pretext includes…petitioner's general policy and practice with respect to minority employment."); *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 561 (10th Cir. 1996); ("We have recognized the relevance and force of such evidence of a pattern of dismissals[.]"); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("It is well settled that in a Title VII suit, an employer's general practices are relevant even when a plaintiff is asserting an individual claim for disparate treatment."). Plaintiffs' request seeks specific documents that reflect the circumstances surrounding the departures of a limited number of employees who were terminated or resigned close in time to Plaintiffs' terminations. This information is relevant to whether Defendant was engaging in a pattern of discriminatory behavior and therefore falls within the scope of permissible discovery. Additionally, the Court's prior discovery order limiting a specific document request to only those employees who were similarly situated is not applicable because the scope and purpose of the requests differ. The prior request sought the disciplinary records for each of Defendants' 500+ employees for the purpose of comparing Plaintiffs' alleged performance issues with persons who were retained. Request No. 29, in contrast, is limited to a specific set of employees whose employment ended close in time to Plaintiffs' termination for the purpose of evaluating whether Defendant was engaged in a pattern of discriminatory dismissals.

Plaintiffs next seek to compel responses to Request Nos. 31 and 32, which state, respectively:

Produce the complete personnel file for each person who was a Senior Research Analyst (the job title held by Catina Baker) at any point during the period from January 1, 2019 through September 30, 2020. The documents to be produced must include the job offers, dates of hire, performance appraisals however designated, discipline/counseling records, dates of termination/separation (if applicable), and job descriptions for each person.

Produce the complete personnel file for each person who was in the Division of which LeKenya Antwine had been the director. The persons encompassed in this request are those who were employed in that Division during any point in the period from January 1, 2019 through September 30, 2020. The documents to be produced must include, for each, job titles, the job offers, dates of hire, performance appraisals however designated, discipline/counseling records, dates of termination/separation (if applicable), and job descriptions for each person. These records must include and identify the person who took over supervision of the Division formally headed by Ms. Antwine.

Plaintiffs assert that the employment records of these specific employees – who were retained in preference to Plaintiffs – are relevant because Defendant has asserted that the decision to terminate was motivated (at least in part) by its attempt at cost savings and restructuring.[1]

Where an employer asserts that an employee was terminated as part of a reduction in force, "[e]vidence that an employer fired qualified older employees but retained younger ones in similar positions is sufficient to create a rebuttable presumption of discriminatory intent." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1166 (10th Cir. 1998) (quotation marks omitted). Accordingly, documents reflecting the qualifications and performance

---

[1] Plaintiffs also argue that the personnel files were needed to identify employees with knowledge of Plaintiffs' job performance and the veracity of Defendant's reason for terminating Plaintiffs' employment, but the request would be overly broad were it served only for that purpose. Although Plaintiffs are certainly entitled to discover the identity of individuals with knowledge of their claims, personnel files typically contain significantly more information than a person's identity and contact information.

history of employees in similar positions who were retained are relevant to Plaintiffs'

claims. Here, Plaintiffs seek personnel files only for employees holding the same job title

as Ms. Baker and to employees working in Ms. Antwine's division during a limited time

period. Given these limitations, the requests fall within the scope of discoverable

information. However, because personnel files often contain sensitive information, they

are subject to the Protective Order [Doc. No. 17] previously entered in this case.

Last, Plaintiffs seek to compel a response to Request No. 30, which seeks the

personnel file of the individual who replaced Ms. Stainsby. Defendant represents that this

request is no longer at issue, but Plaintiffs assert that they have not received the responsive

documents. The employment records of individuals who replaced a plaintiff that was

allegedly terminated for inadequate job performance are relevant to whether the employer

acted with a discriminatory intent. *See Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*,

209 F.R.D. 208, 215 (D. Kan. 2002). Accordingly, Defendant must respond to this request

if it has not already done so.

## CONCLUSION

As detailed above, Plaintiffs' Second Motion to Compel Discovery [Doc. No. 29]

is **GRANTED**. Defendant is ordered to produce documents responsive to Plaintiffs'

Request for Production No. 29, 30, 31, and 32.

**IT IS SO ORDERED** this 29th day of September, 2022.

                                                          _____

                                                          TIMOTHY D. DeGIUSTI
                                                          Chief United States District Judge